JAMES F. D'WOLF *v.* WILLIAM BRADFORD D'WOLF.

A bill filed for an account of the residue of the estate of a testator, ordered by his will to remain in the hands of his executors for a period of twenty years after his death, in trust, for his children and grandchildren, and at the end of that period to be divided between them, is demurrable for want of parties, unless all persons interested in the trust property are made parties to the bill, or those omitted are unknown or out of the jurisdiction, or have been fully accounted with; and such excuse for not making them parties is stated in the bill.

The distinction between bills for relief and bills for discovery, incidentally considered and explained.

BILL IN EQUITY. The bill was filed by the complainant as entitled, under the residuary clause of the will of the late James D'Wolf of Bristol, against the defendant, as surviving trustee under said will; and was demurred to, on the ground that it was a bill for an account of the residuary fund in the hands of the respondent as trustee, and that the other children and grandchildren of the testator, shown by the bill to be entitled with the complainant to the rest and residue of the estate of the late James D'Wolf, were *not made parties to the bill.*

As the only question argued upon the demurrer, was, whether the bill was a mere bill of discovery, or a bill for discovery and relief, that is, for an account, and the court, in the prefatory part of their opinion have set forth every allegation of the bill, it will be unnecessary to repeat the allegations of the bill here.

D'Wolf *v.* D'Wolf.

The demurrer was shortly argued by *R. W. Greene* for the respondent, and by *W. H. Potter* for the complainant.

BRAYTON, J.[1] This bill alleges, that James D'Wolf, late of Bristol, in and by his last will and testament devised the residue and remainder of his estate, real and personal, to his executors, in trust for his, the said testator's children, namely, James D'Wolf, the children of his late daughter, Mary Ann Sumner, Mark Anthony D'Wolf, William Henry D'Wolf, Harriet Hall, Catharine D'Wolf Dodge, Nancy B. Homer, William Bradford D'Wolf, and Josephine M. D'Wolf Lovet, and his grandson James D'Wolf, the sole plaintiff to this bill, for the term of twenty years, the rents, income, profits, or dividends, to be paid them annually; and at the end of said term, the said estates to be divided between them, in the manner provided in said will; and that the said William Bradford D'Wolf is sole surviving executor of said will, and sole trustee of said estates; and on or about the 12th day of July, 1852, took possession of said estates, and took upon himself the performance of the said trust, and has since received a large amount of estate and property, real and personal, under said trust; that the respondent, though he has now been executor for three and a half years, has not rendered any account, as such executor, to the court of probate of the town of Bristol, or to any other person interested, to the knowledge of the plaintiff, and that knowledge and information as to the condition of said estate has been withheld from the plaintiff and others interested, by the respondent, contrary to his duty and contrary to law; that the plaintiff is largely interested in all said residuary estate and property, and in the performance of the trusts in said will declared, in respect of the same, and is entitled to have said trusts fully and fairly performed and executed in his behalf; and in order to this, is entitled to know and be fully informed by the respondent, as such trustee of said residuary, as to all the property and estate of every kind, which he, as trustee, has received as part of said residuary estate, and what has been done with every part thereof, how managed, how disposed, and its history and condition ever since it has been in

---

[1] Ames, C. J., having been of counsel in this cause, did not sit in it.

his hands or control; what has been received from all the same, and how received, and what appropriation 'and use· has been made of all the same, and what said residuary estate and property now consists of, fully and particularly, and minutely, in every respect; that the complainant has repeatedly asked of the respondent, orally, and in writing, information and an account of said residuary property so received by him, and of what has been done with the same, how managed, of what it now consists, and information as to the rents, profits, and dividends thereof; but the respondent has neglected and refused to furnish to him any definite, or written statement, inventory, or account of the same, or any distinct or available information as to the same; that the plaintiff has received, from time to time, of the respondent, sums· of money, as and for his share of the rents, incomes, and profits of said residuary to be paid over annually, and has given receipts for the same; but what the gross income, profits, and dividends, of said whole residuary estate has been during any given year, or at any time, the plaintiff is ignorant, and has never been informed by the respondent; nor whether all the incomes, profits, and dividends, have been paid out annually, or part only, and the residue invested.

The bill then sets forth the pretences upon which the respondent has refused to render any account; as that, inasmuch as the principal of said residuary estate is not to be paid out until the end of twenty years, that the persons interested therein are not entitled to any account, discovery, or information, or knowledge in relation to said fund, or as to the management, improvement, or administration of the same, and are not entitled to any discovery, information, or account, until the termination of said trust; whereas the bill charges, that he is now and long has been entitled to a discovery in relation to all said property from said respondent, and also to an account from him of all the receipts, dividends, rents, profits, and income, of all said estate and fund, and also of the appropriation and use of all the same.

The bill then prays a discovery as to the acceptance of the trust by the respondent, and whether he has not held and man-

aged the estates as trustee; whether the plaintiff is not interested in the said residuary estate, and also that the respondent may set forth and discover, clearly and distinctly, all the real estate which has at any time come to his possession or knowledge as part of said estate, the location, situation, and condition of each parcel, its estimated value, whether leased or not, and for how much, and to whom; whether any has been sold, when, to whom, whether for cash or on credit, at public or private sale; and whether the trustee has purchased with said fund any real estate, and when, of whom, for how much, where situated; that he discover and set forth the personal estate he has received, and the income, dividends, or profits thereof, as part of said residue, and what it consists of particularly; and also, that he set forth and discover and render to the plaintiff, a full, true, and perfect account of all moneys and property at any time received by him, as and for the rents, incomes, profits, and dividends of all said real and personal estates, so in his possession, as part of said residuary estate and fund; and also, that he may answer and set forth the expenses of said fund, and the management of the same for each year, by itself,—stating to whom any sum of money has been paid, when, and what for, what claims there are now existing against said residuary fund, to whom, and for what, with the vouchers for all said expenditures since the estate came to his possession; and that an account be taken of said real and personal estate, constituting said residuary estate and fund, and that the income and profits thereof be ascertained, and that the same be applied to the due performance of said trusts, and that the said residuary estate and fund may be ascertained, and the rights of the plaintiff thereto defined and secured, both as to income and dividends and the principal, and that for these purposes all proper directions be given, and that your orator may have such further relief in the premises, as the nature of the case may require.

To this bill the defendant has demurred for want of parties; for that it appears by the complainant's bill, that all the children of James D'Wolf, the testator, named in said bill, namely, James D'Wolf, the children of the testator's daughter, Mary Ann Sumner, Mark Anthony D'Wolf, William Henry D'Wolf, Harriet

Hall, and Jonathan Prescot Hall, her husband, Catharine D'Wolf Dodge, Nancy B. Homer, and Josephine M. D'Wolf Lovet, their heirs and assigns, executors, or administrators, are interested in the said rest, residue, and remainder of said estate, both real and personal, and in the account thereof, sought by the complainant in and by said bill, and are therefore necessary parties to said bill, but that the complainant has not made them parties to the bill.

The rule in equity requires that all parties interested in the object of the suit should be made parties to the bill. This rule applies to all cases in which an account is sought. No account will be decreed until all those who are interested in having the account taken are before the court; and the reason is, that otherwise, the accounting party may be harassed with successive suits, for the same purpose, by each. In a suit by a residuary legatee, seeking an account of the residuary estate, all those who are interested in the residue must be parties, as in a suit by next of kin, against an administrator, for an account of the estate of the intestate, those entitled in that character must all be joined.

To this rule there are exceptions; one of which is, when one or more of the parties have been accounted with and paid; another is, where a party having a part interest is out of the jurisdiction, so that he cannot be made a party. In these cases, the suit may be allowed to proceed without the satisfied or absent party. It is nevertheless necessary to allege in the bill, the reason for the omission, that the court may judge of the sufficiency of it. So, if the other parties are unknown, and the fact be so alleged in the bill. The general rule is not questioned, so far as it applies to bills for relief. But the counsel for the plaintiff urges, that it is not applicable to bills of discovery merely, and which do not pray relief; and that this bill is not a bill for relief, but for discovery only.

If this bill be what the counsel claims that it is, a bill asking for information merely and with no view to ulterior proceeding or to relief of any kind, the plaintiff, in that case, can have no standing in a court of equity, and his bill should be dismissed. Every bill is a bill of discovery, and if it also

prays for relief, it is still denominated a bill for relief; but is in fact a bill for discovery and relief, and the discovery is sought with a view and in aid of the relief asked. There is no such thing as a bill for discovery merely, in the sense in which the counsel now employs those terms. " A bill of discovery," says Lord Hardwicke, " lies here in aid of some proceeding in *this court*, in order to deliver the party from the necessity of procuring evidence, or to aid the proceedings in some suit relative to a *civil* right in a *court of common law.*" Mr. Wigram says, that the division of bills into bills of discovery and bills for relief, suggests a distinction which in principle does not exist. Wigram on Discovery, 5, 6. The only distinction between the two is, that in a bill for relief, the discovery and relief is sought by one and the same bill, whereas in a bill for discovery merely, discovery only is sought in aid of some other proceeding at law or in equity, by or against the plaintiff. The discovery, in either case, is for the purpose of enabling the party asking it, to obtain evidence material to a case about to come on for trial.

One of the rules laid down as to discovery, is, " that the right of the plaintiff to the discovery, is limited to a discovery of such material facts as relate to the plaintiff's case." Wigram on Discovery, 15. So that, unless the discovery sought is to be in aid of some proceeding for relief, either in the bill itself, or in some other bill or suit at law, it will be denied.

The bill in this case is not in aid of any other suit or proceeding at law or in equity ; and unless it seeks relief here, the plaintiff has no right to a discovery, since he makes no question in which any fact which may be disclosed, can be evidence for him. But in point of fact, this bill is a bill for relief, as well as for discovery. The plaintiff, by this bill, does not propose to rest when the respondent shall have given the information here asked as to the items of an account, but he proposes to go further ; and he prays that an account may be taken of all said residuary estate, that the income, profits, and dividends thereof may be ascertained, with the disbursements, payments, and charges on the part of the trustee ; that thus the residuary fund, and the right of the plaintiff therein, may be ascertained and secured, both as to income and dividends, and as to the princi-

pal fund, and concludes with a prayer for such other relief as the nature of his case may require.

He asks, in effect, that the respondent may be compelled to account in this court, and the judgment and decree of this court to ascertain the amount of the residue now remaining in the hands of the trustee, and to ascertain the share of this plaintiff in that residue, as well as in the annual dividends, and to provide security for it.

Now, it is difficult to conceive how this is to be done by this court, upon the assumption that no relief is asked, or how a prayer to do all this can be reconciled with the assumption that nothing is asked but information. The court is asked to adjudge and decree between the plaintiff and the respondent; to determine whether the plaintiff has or has not received his full share of the annual dividends; to determine his, the plaintiff's, share and portion of the principal fund; which involves, also, an inquiry into the right of the other parties' interest in the same fund.

All this must be done after the respondent shall have answered and set forth the information desired; and if the information asked be not for the purpose of enabling the plaintiff to charge the respondent on such account, and to furnish him with evidence for that purpose on an adjudication upon the account, it is for no legitimate purpose whatever.

But the other children of James D'Wolf, the testator, now living, and the representatives of such as are deceased, are equally interested in the subject-matter as to which the decree of this court is asked,—equally interested in the dividends, in the principal fund, in the security to be given, and in the account asked to be taken and settled, by the decree of this court. They are necessary parties to this bill; and because they are not made parties, this demurrer must be sustained, and the bill, unless amended, dismissed.